**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON L. BLISS,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-7173** |
| | : | |
| MARK ZIMMERMAN, *et al.*,<br>　　Defendants. | : | |

**MEMORANDUM**

**HODGE, J.**                                                                 **FEBRUARY  20, 2026**

Plaintiff Jason L. Bliss, an inmate incarcerated at the Lehigh County Jail ("LCJ"),

initiated this civil rights action[1] by filing a *pro se* Complaint against Lehigh County Parole[2]

("LCP"), LCP Chief Mark Zimmerman, LCP Department Chief Christian Berk, LCJ Warden

Robert McFadden, and LCP Officers Tara Malenski and Damian Loughbach. For the following

reasons, the Court will grant Bliss leave to proceed *in forma pauperis* and dismiss the Complaint.

**I.      FACTUAL ALLEGATIONS[3]**

Bliss's allegations are hard to follow.  The crux of his claims appears to focus on his

---

[1] Bliss filed this action in the United States District Court for the Middle District of Pennsylvania, and that Court subsequently transferred the case to this Court since venue was lacking.  (ECF No. 6.)

[2] Lehigh County Parole is not listed as a defendant in the body of the Complaint, but is listed in the caption of the Complaint and the Court adopts the broadest reading for purposes of this Memorandum.

[3] The factual allegations are taken from Bliss's Complaint ("Compl."), which consists of the form civil rights complaint available to unrepresented litigants and a handwritten letter attached to his Complaint.  (ECF No. 1.)  The Court considers the entirety of the submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.  The Court may also consider matters of public record when conducting a screening under § 1915.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

belief that a device was put in his ear by Defendant Loughbach when he overdosed. (Compl. at 4.) Bliss does not provide specific dates for when this incident occurred in his Complaint other than referencing the Defendants "let this happen for five years now." (*Id*. at 5.) In the letter he attached to his Complaint, Bliss provides additional details, claiming on or about five and a half years ago, he was being followed by "cops, [his] family, and parole." (ECF No. 1-1 at 1.) The overdose presumably happened around that time in front of Sacred Heart Hospital, and he claims that Allentown police officers, parole officers, and his brother "came to the 911 call made by [his] friend, Angel." (*Id*.) He asserts "they" injected him with Narcan seventeen times, and "at the same time, they put this device in [his] ear without [his] consent." (*Id*.) He believes the device was put in his ear by the Pennsylvania Lottery "for tracking reason[s] only and they tried to get [him] to commit suicide to steal everything from [him]." (*Id*. at 2.) He claims he won the lottery in 2018 that he "claimed in 2021." (Compl. at 5.) He alleges Defendants, as well as others not named in the lawsuit, are all involved in these incidents and "will do anything to keep [him] from pressing charges and getting help." (ECF No. 1-1 at 2.) As a result of these events, he seeks "justice and help" as relief. (Compl. at 5.)

By way of background, the Court notes that Bliss has a history of submitting repetitive filings to this Court with sparse factual allegations for overlapping events. In this action, his factual allegations focus on a tracking device he believes was put in his ear, but he also makes vague allegations surrounding unrelated incidents he has already raised elsewhere, apparently to explain why he believes Defendants wanted to track him with the device. For example, Bliss asserts the Warden and Chief of Parole, presumably Defendants McFadden and Zimmerman, have allowed jail and parole employees to harass him for "5 years now" and "stole a whole bunch of money" from his bank too. (*Id*.) He claims "they" harass him in the jail to "the brink

of breakdown, sexually too, cause with this device [he] can hear them all day ask homeland security." (*Id*. at 4.)  He further maintains that when he was hospitalized for his mental health, "Daimian's kid," appearing to refer to Loughbach, raped him and he was "so mentally confused" because he thought he was losing his mind from hearing voices, presumably from the device. (*Id*. at 5)  He also mentions that the local cops keep arresting him for "stuff" he should not be arrested for, like trespassing at his "own place." (ECF No. 1-1 at 3.)  But these allegations have already been dismissed in his prior lawsuits. *See, e.g., Bliss v. PSP Fogelsville*, No. 25-5145 at ECF No. 7 (E.D. Pa. Nov. 3, 2025) (dismissing § 1983 claims alleging law enforcement failed to investigate his mother being murdered for winning the lottery); *Bliss v. Lehigh Cnty. Parole*, No. 25-4808 at ECF No. 10 (E.D. Pa. Oct. 29, 2025) (dismissing allegations and request for criminal charges based on claims he was wrongly kept on parole after falsely being arrested for trespassing); *Bliss v. Allentown Police Dep.t*, No. 25-3622 at ECF No. 9 (E.D. Pa. Oct. 16, 2025) (dismissing, *inter alia*, § 1983 claims against Defendant McFadden and jail employees related to stealing money from his bank).

## II.    STANDARD OF REVIEW

The Court grants Bliss leave to proceed *in forma pauperis*.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, requiring the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss

---

[4] Because Bliss is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

## III.    DISCUSSION

Bliss alleges claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Bliss named LCP as a Defendant but the United States Court of Appeals for the Third Circuit has repeatedly held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment).  As Pennsylvania has not waived its sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment operates as a bar to claims for damages under Section 1983 against LCP.

Bliss may also not proceed with his claims against the other defendants because his allegations, to the extent decipherable, lack an arguable basis in fact and are clearly frivolous. The Court has thoroughly reviewed his Complaint and cannot discern any plausible basis for a

non-frivolous claim upon which he could move forward.  His allegations stem from his belief that Defendants and others, including LCJ and LCP employees, law enforcement agencies, his family, and the Pennsylvania lottery, conspired together to place a device in his ear to track, harass, and harm him, so he would commit suicide and they could steal everything from him.

Bliss's allegations "rise to the level of the irrational or the wholly incredible[,]" *Denton*, 504 U.S. at 32, and are appropriately dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they lack a basis in fact.  Federal courts routinely dismiss complaints asserting broad-based conspiracies of surveillance, tracking and the like, as factually frivolous under § 1915 where the allegations are fanciful, fantastical, delusional, irrational or wholly incredible.  *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Harley v. City of Phila. City Gov't*, No. 21-3680, 2021 WL 4844156, at *2 (E.D. Pa. Oct. 18, 2021) (dismissing as frivolous Harley's claims based on "a conspiracy by Defendants to target her with wiring, voices, and electrical activity, and to murder her"); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior").  Given the frivolity of his underlying allegations, no leave to

5

amend will be granted.[5] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002)

("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of

denying leave to amend . . . when amendment is inequitable or futile.").

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Bliss leave to proceed *in forma pauperis*

and dismiss his Complaint as factually frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order dismissing this case will be entered separately.  *See* Federal Rule of

Civil Procedure 58(a).

BY THE COURT:


/s/ Hon. Kelley B. Hodge

KELLEY BRISBON HODGE, J.

---

[5] There are other defects in Bliss's claims, such as alleging events that happened over five years ago, which appear to be outside the two-year statute of limitations period and are time-barred, and appearing to seek relief for "justice" via criminal charges for stealing, which is not relief the Court can grant in a § 1983 action. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").